IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BLISS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No: |
| LEGACY CHRYSLER FINANCIAL ) | |
| EMPLOYEE PENSION PLAN, and ) | |
| TD BANK, N.A. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Legacy Chrysler Financial Employee Pension Plan and TD Bank, N.A. ("Defendants"), by and through their undersigned counsel, hereby remove, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331, the civil action pending in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, Case No. 17-MR-000592 (the "State Court Action") to the United States District Court for the Northern District of Illinois, Eastern Division.  As more fully articulated below, the Court has jurisdiction over this matter because Plaintiff Anthony Bliss ("Plaintiff") requests an interpretation of the Legacy Chrysler Financial Employee Pension Plan (the "Plan") a defined benefit pension plan subject to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and the doctrine of complete preemption confers jurisdiction pursuant to 28 U.S.C. § 1331.

In support of removal, Defendants state the following:

A.  **Introduction**

1. Plaintiff commenced the State Court Action by filing a verified petition for judicial review and declaratory judgment on or about May 16, 2017 (the "Complaint"). *See* **Exhibit 1**.

2. Defendants were served with the Summons and Complaint on or about May 19, 2017. *See* **Exhibit 2**.

3. Defendants timely filed this Defendants' Notice of Removal within thirty (30) days of the receipt of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b). Accordingly, all named defendants join in the removal of this action.

4. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders are attached hereto. *See* **Exhibits 1 and 2.**

5. As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to all counsel, and will promptly file a copy of this Defendants' Notice of Removal with the Clerk of the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois. *See* **Exhibit 3**.

B.  **Federal Question Jurisdiction Exists Because Plaintiff's Claim Is Subject To ERISA**

6. Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff seeks an interpretation of a defined benefit pension plan that is governed by ERISA and seeks equitable relief under Section 502(a)(3) of ERISA (29 US.C. § 1132(a)(3)).

7. This Court has original subject matter jurisdiction over this entire action under 28 U.S.C. § 1441(b) and (c), which provide for removal of any civil action founded on a

claim or right arising under the laws of the United States, and allow removal of an entire action even when removable claims are joined with non-removable claims.

8. The jurisdictional doctrine of "complete preemption" holds that, to the extent Congress has displaced a plaintiff's state law claim, the claim can be properly "recharacterized" as a complaint arising under federal law. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996).

9. A cause of action that is filed in state court, but is preempted by ERISA, comes within the scope of Section 502(a) of ERISA (29 U.S.C. § 1132(a)) and is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

10. The United States Court of Appeals for the Seventh Circuit has identified three factors relevant to whether a state law claim is within the scope of Section 502(a) of ERISA (29 U.S.C. § 1132(a)): "(1) whether the plaintiff is eligible to bring a claim under [§ 502(a)]; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass*, 88 F.3d at 1487 (internal quotations omitted).

11. The doctrine of preemption confers federal question jurisdiction under 28 U.S.C. § 1331 because (1) the Plaintiff is eligible to bring a claim under ERISA; (2) the Plaintiff seeks equitable relief (that is, reinstatement in the Plan) under Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) even though couched as a request for declaratory judgments under 735 ILCS 5/2-701; and (3) the Plaintiff's claims cannot be resolved without interpretation of the governing documents of the ERISA pension plan, *See id.*; *Aetna Health*

*Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) ("[W]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law: ERISA is one of these statutes.") (internal quotations and citations omitted).

12. For the reasons stated above, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

### C. All Other Prerequisites For Removal Have Been Satisfied

13. In addition to satisfying the requirements of federal question jurisdiction, Defendants have satisfied all other requirements for removal.

14. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending.

15. Removal of this case to the United States District Court for the Northern District of Illinois, Eastern Division, does not constitute a waiver by Defendants of their rights to seek dismissal of this lawsuit.

16. This Defendants' Notice of Removal satisfies the requirements of 28 U.S.C. § 1446(b) because Defendants have filed this Defendants' Notice of Removal within thirty (30) days of receiving service of the Summons and Complaint.

17. Defendants remove this action to this Court without waiver of any defenses, procedural or substantive, that may be available.

**WHEREFORE,** Defendants pray this Court will remove the State Court Action and request that further proceedings be conducted in this Court as provided by law.

                                                   Respectfully submitted,
**LEGACY CHRYSLER FINANCIAL EMPLOYEE PENSION PLAN**, and
**TD BANK, N.A.**
By their attorneys:

Dated: June 9, 2017                        /s/ *Dylan Smith*
Dylan Smith, Esq.
Martin Syvertsen, Esq.
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Tel: (312) 360-6394
dsmith@freeborn.com
msyvertsen@freeborn.com

**PENDING ADMISSION PRO HAC VICE:**

/s/ *Keith E. Glidden*
Keith E. Glidden, Esq.
Christopher S. Lockman, Esq.
VERRILL DANA, LLP
One Boston Place, Suite 1600
Boston, MA 02108
Tel: (617) 309-2600
kglidden@verrilldana.com
clockman@verrilldana.com

## **CERTIFICATE OF SERVICE**

      I Certify that the foregoing **DEFENDANTS' NOTICE OF REMOVAL** was filed via the Court's ECF notification system on June 9, 2017 and that a true and correct copy of the foregoing was served on the below named recipients by Certified U.S. Mail, postage pre-paid, and e-mail upon:

Kenneth Stephen McLaughlin, Jr.
Law Offices of McLaughlin & Associates, P.C.
495 N. Commons Drive
Suite 103
Aurora, IL 60504
kmclaughlin@ma-lawpc.com

                                              Respectfully submitted,

Dated: June 9, 2017                               /s/ *Dylan Smith*
                                                  Dylan Smith, Esq.
                                                  Martin Syvertsen, Esq.
                                                  Freeborn & Peters LLP
                                                  311 South Wacker Drive
                                                  Suite 3000
                                                  Chicago, IL 60606
                                                  Tel: (312) 360-6394
                                                  dsmith@freeborn.com
                                                  msyvertsen@freeborn.com